[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF PRE JUDGMENT REMEDY
This is a matter involving a dispute over unpaid legal CT Page 3811 fees in a marital dissolution case.
For the purposes of this hearing which is obviously not a trial the court believes the plaintiff has presented sufficient evidence to establish probable cause that a fee arrangement did exist between the plaintiff law firm and the defendant. Although the defendant testified that she understood that any fee for the plaintiff would only come out of monies awarded as counsel fees the court against her husband, bills were sent to her personally over a period of time. The bills talked in terms of "serious [services] rendered", they were obviously bills to the defendant and a bill dated July 2, 1991 listed actual work done in some detail. It would be hard to explain all of this on the basis that the understanding between the parties was that the plaintiff law firm could not recover its fee from the defendant but only would be compensated by means of a court order against the defendant's husband. The July 1, 1991 bill is entitled "total due". In fact the very first bill sent to Ms. Legere in January of 1989 indicated the "retainer" was to be $3000. The quoted word has an obvious meaning that Mrs. Legere would owe money to the firm for retaining their services. She didn't question anyone about why she was receiving these bills. At least for the purposes of this hearing the plaintiff law firm has established there was a fee arrangement with the fee to be paid by Mrs. Legere.
The amount in demand is $23,460.05. It is apparent from the computer billing submitted that a billing rate of $250 per hour was being referred to as the cost per hour. However no evidence was submitted of a signed fee agreement at the hearing and the attorney for the firm as he testified did not refer to any fee discussions that he could remember. An examination of the computer bill print out indicates that the rate actually charged to arrive at the monetary figures reordered as monies actually owing was less than $250 for some portions of the services rendered — specifically $235 per hour. This represents 6% of $250. Why the charge per hour should have increased after this initial estimate of $14,958.75 owed as reflected in the computer bill on page 1 of exhibit 2 was never explained. The court will therefore reduce by 6% any monies claimed to be owing beyond this $14,958.75 figure. This reduces the claim by approximately $520.00. Also the computer bill indicates telephone calls were made and the attorney testifying obviously and CT Page 3812 understandably had no memory of the substance of calls made from two and half years ago to almost five years ago. The court has no reason to believe these calls were not made on file business but there was no testimony presented as to what they actually represented and no file was presented in court which could identify what they may have been made about. After reviewing the computer billing however the number of such calls and time spent on them is substantially less than the defendant seems to suggest. If these charges are deducted they would reduce the claim by approximately $1900.
Adding the two aforementioned figures and deducting from the amount of the claim the court believes that a prejudgment remedy in the amount of $21,000 is appropriate.
Corradino, J.